IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SYLVIA CABRAL<br><br>   Plaintiff/Petitioner,<br><br> v.<br><br>COUNTY OF MAUI, OFFICE OF MAYOR, ET AL.,<br><br>   Defendants/Respondents. | CIV. NO. 26-00062 JMS-KJM<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 3; AND (2) TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS |

**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 3; AND (2) TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS**

## I. INTRODUCTION

Before the court is pro se Plaintiff/Petitioner Sylvia Cabral's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 3, filed along with a 42 U.S.C. § 1983 Complaint against the Maui County Mayor's Office, Maui Police Department, "Development Services Admin" ("DSA"), and State of Hawaii Department of Land and Natural Resources ("DLNR") (collectively, "Defendants"). ECF No. 1. Based on the Complaint, Plaintiff's claims are untimely. For the following reasons, the court GRANTS the IFP Application and ORDERS Plaintiff to SHOW CAUSE in writing why this matter should not be dismissed as barred by the applicable statute of limitations.

## II.  IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that she is unable to pay such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether a plaintiff has alleged poverty "with some particularity, definiteness and certainty."  *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP Application and determines that she has made the required showing under 28 U.S.C. § 1915(a) to proceed in

2

forma pauperis (i.e., without prepayment of fees).  The court therefore grants the

IFP Application.

## III.  **BACKGROUND**

The Complaint provides little factual content, but a declaration by

Plaintiff buried in the numerous documents attached to the Complaint discloses

some context:

- "[Plaintiff] was the lawful possessor of real property located at Grant 1388 Tax Map Key 2-2-4-8 Lots 7 & 7A aka Lots 9 & 10 aka Lots 131 & 132 at 10 Kanaio Kalama Road, Kula, Hawaiʻi, comprising approximately three (3) acres of agriculturally zoned land (the 'Property'), until I was wrongfully dispossessed through unlawful government and private actions described below."

- "From approximately 2003 to 2017, agents of Maui County and private developers used my land as an access point ground zero as the infrastructure route for a geothermal and subdivision project involving 2,000 to 9000 [sic] acres of adjacent land, without notice to me or my consent."

- "My family and I invested nearly two decades of continuous labor into improving and maintaining the Property, including building agricultural infrastructure and cultivating the land under lawful agricultural use including installing a legal home bakeshop business with $350,000 cash and years of unpaid harsh hard slave labor."

- "Despite this, no condemnation proceeding was ever initiated, and I received no compensation for the use, interference, or ultimate taking of my land."

- "I was falsely assured by attorney Thomas Leuteneker, of [Carlsmith Ball], that I would retain my land and that legal action would be taken on my behalf.  No such protection ever materialized."

3

- "In one of the most egregious events, a serially convicted felon was permitted to foreclose on the Property—by foreclosing against himself—in what I believe was a fraudulent proceeding aided by willful inaction from County officials and law enforcement and the partnering of Tom Leuteneker for his own gains."

- "I repeatedly alerted the Maui County Police Department, the Maui County DSA, and other authorities to the ongoing misuse of my land and fraudulent activity. My reports were ignored."

- "As a direct result of these actions and omissions, I, along with my family, lost our land, were forcibly removed, and suffered immense financial, physical, traumatic shock and emotional harm from years of hard work then homelessness."

ECF No. 1-6 at PageID.38–39.

> Specific to her § 1983 claim, Plaintiff alleges:
>
> Several Maui County Mayors, throughout the development, refused to consider allegations of fraud. Every Police Chief refused to refer case to Prosecutors' office. (who did request the case be sent to them) [sic] DSA Development Services refused to consider allegations of fraud, DLNR . . . failed to investigate ownership of the land used to create subdivision roads & allow compensation of the takings.

ECF No. 1 at PageID.4. She further alleges that "[i]n their official capacities, each

department violated Plaintiff's civil rights," and asserts federal question

jurisdiction, invoking: (1) "1st Amendment Right to Petition Govt"; (2) "4th

Amendment Free from Unlawful Seizure"; (3) "8th Amendment Cruel & Unusual

Punishment"; (4) "13th Amendment Forced Labor"; (5) "14th Amendment

4

Procedural Due Process"; and (6) "14th Amendment Equal Protection." *See id*. at

PageID.3.  Plaintiff seeks $5 million for "losses & damages."  *Id*. at PageID.5.

## IV.  STATUTORY SCREENING

        The court must screen each civil action commenced under 28 U.S.C.

§ 1915(a) and order the dismissal of any complaint that is "frivolous or malicious;

. . . fails to state a claim on which relief may be granted; or . . . seeks monetary

relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)

(en banc) (stating that § 1915(e) "not only permits but requires" the court to

dismiss sua sponte an IFP complaint that fails to state a claim).

        A "frivolous" case has been defined as one which is based upon an

indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744

(1967); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis

either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  And a

court may dismiss a claim as frivolous based on the statute of limitations where it

is obvious from the face of the complaint that the claim is time-barred.  *See*

*Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984) (stating that an action

may be dismissed at screening "where the defense is complete and obvious from

the face of the pleadings or the court's own records"); *Belanus v. Clark*, 796 F.3d

1021, 1025–27 (9th Cir. 2015) (affirming dismissal of prisoner case at screening stage based on statute of limitations); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (determining that a complaint which states a claim that appears to have expired under the applicable statute of limitations may be dismissed as frivolous under the screening provision of § 1915).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in her favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## V. <u>DISCUSSION</u>

### A.    Statute of Limitations

Federal courts apply the forum state's statute of limitations and its tolling provisions for personal injury tort actions to claims under § 1983. *See, e.g.*, *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Hawaii's two-year statute of limitations for personal injury claims, Hawaii Revised Statutes ("HRS") § 657-7, applies to § 1983 claims. *See, e.g.*, *Bird. v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). And "[a]lthough state law determines the length of the

limitations period, federal law determines when a civil rights claim accrues."

*Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000).  Under

federal law, the "discovery rule" typically governs the accrual of § 1983 claims so

that "a claim accrues when the plaintiff knows or has reason to know of the injury

which is the basis of the action."  *Id*. (quoting *TwoRivers v. Lewis*, 174 F.3d 987,

991 (9th Cir. 1999)).

      A federal court also "borrows the state's equitable tolling rules" when

an analogous state law statute of limitation applies, "absent a reason not to do so."

*Daviton v. Columbia/HCA Healthcare Corp*., 241 F.3d 1131, 1135 (9th Cir. 2001);

*see also Collins v. County of Alameda*, 2024 WL 4893300, at *6–7 (N.D. Cal. Nov.

25, 2024) (applying California equitable tolling rules to a claim under 42 U.S.C.

§ 1983).  Thus, Hawaii's doctrine of equitable tolling applies to Plaintiff's § 1983

claims.

      In turn, Hawaii has adopted federal equitable tolling principles:  To

toll a statute of limitations for a claim filed after its expiration, a plaintiff must

demonstrate "(1) that [she] . . . has been pursuing [her] right diligently, and (2) that

some extraordinary circumstance stood in [her] way."  *Off. of Hawaiian Affairs v.*

*State*, 110 Haw. 338, 360, 133 P.3d 767, 789 (2006) (quoting *Felter v. Norton*, 412

F. Supp. 2d 118, 126 (D.D.C. 2006) (quotation marks omitted); *see also Reyes v.*

*HSBC Bank USA, Nat'l Ass'n*, 135 Haw. 407, 2015 WL 3476371, at *6 (Ct. App. May 29, 2015) (applying federal equitable tolling principles to fraudulent concealment); *Paco v. Myers*, 143 Haw. 330, 2018 WL 6177430, at *2 (Ct. App. Nov. 27, 2018); *Chun v. City & County of Honolulu*, 2020 WL 3965943, at *3 (D. Haw. July 13, 2020); *Spriestersbach v. Hawaii*, 622 F. Supp. 3d 948, 957 (D. Haw. 2022).  "Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations."  *Off. of Hawaiian Affairs*, 110 Haw. at 360, 133 P.3d at 789.  This test "is a very high bar, and is reserved for rare cases."  *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014).

## B.    Application

Here, it is obvious from the face of the Complaint that Plaintiff's claims are time-barred.  First, Plaintiff alleges that the events giving rise to her claims started in 1996 and continued through her "eviction through fraudulent foreclosures . . . in 2014 until the subdivision was completed approx. 2016–2019." ECF No. 1 at PageID.4.  But she does not allege any events that took place within the two-year statute of limitations.  Second, an exhibit list attached to the Complaint refers to a "Timeline of Events: 1996–2024 (Land Use, Evictions, Forced Labor, Retaliation)," *see* ECF No. 1-2 at PageID.19, but that timeline is not

8

attached to the Complaint, *see* ECF No. 1.  Third, Plaintiff's declaration is dated

July 4, 2025, but she does not allege any extraordinary circumstances that made it

impossible to file her Complaint within the limitations period to justify equitable

tolling.  *See* ECF No. 1-6 at PageID.39.  Finally, Plaintiff's "Notice of Intent to

Commence Legal Actions—Draft for U.S. District Court," also dated July 4, 2025,

does not save her untimely claims.  *See* ECF No. 1-9 at PageID.71.  This "draft,"

even if liberally construed to be part of the Complaint, does not allege events that

occurred within the limitations period.  *See generally*, ECF No. 1-9.  And although

Plaintiff declares that she suffered injuries resulting from Defendants' actions, "a

mere continuing impact from past violations is not actionable."  *Knox v. Davis*, 260

F.3d 1009, 1013 (9th Cir. 2001) (quoting *Grimes v. City and County of San

Francisco*, 951 F.2d 236, 238–39 (9th Cir. 1991)) (quotation marks omitted).

Because the Complaint does not appear timely on its face, the court

orders Plaintiff to SHOW CAUSE, by March 17, 2026, why her Complaint should

not be dismissed as barred by HRS § 657-7's two-year statute of limitations.[1]  If

---

[1]  "While the statute of limitation is an affirmative defense, in the absence of a
defendant's waiver, a court may raise the defense of statute of limitations *sua sponte*."  *Tierney
v. Atkin*, 2013 WL 1991907, at *3 (D. Haw. May 13, 2013); *see also United States v. Page*, 116
F.4th 822, 825 (9th Cir. 2024) ("Though the statute of limitations is an affirmative defense, a
district court may sua sponte consider whether a complaint is barred by the statute of
limitations.").  Nevertheless, the court will provide Plaintiff notice and an opportunity to explain
why the action is not time barred.  *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)

(continued . . . )

Plaintiff fails to respond to this Order to Show Cause, the court will dismiss the

Complaint as untimely based on the analysis above.

## VI.  <u>CONCLUSION</u>

For the reasons stated:

(1) The IFP Application, ECF No. 3, is GRANTED; and

(2) By March 17, 2026, Plaintiff must SHOW CAUSE in writing

why this matter should not be dismissed as barred by HRS § 657-7's two-year

statute of limitations.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 24, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

("[W]hile the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond."); *Day v. McDonough*, 547 U.S. 198, 209–210 (2006) (holding that district courts may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but the court "must accord the parties fair notice and an opportunity to present their positions").